Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br><br>NELSON N. ENCARNACIÓN NEGRÓN<br><br>Peticionario | TA2025CE00511 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Carolina<br><br>Caso Núm.: Q-2025-08-716-01242<br><br>Sobre: Ley 253/ Art. 246 (CPPR) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 23 de octubre de 2025.

El 26 de septiembre de 2025, compareció ante este Tribunal de Apelaciones, el señor Nelson N. Encarnación Negrón (en adelante, señor Encarnación Negrón o parte peticionaria), mediante recurso de *Certiorari.* Por medio de este, nos solicita la revisión de una *Orden* emitida el 8 de septiembre de 2025 y notificada el 10 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina.

Por los fundamentos que se exponen a continuación, se *expide* el recurso de *Certiorari*, se revoca la *Orden* recurrida y se devuelve el caso al Tribunal de Primera Instancia para que se ordene al Negociado de la Policía de Puerto Rico la devolución de la licencia de armas y del arma de la parte peticionaria.

**I**

Los hechos que propiciaron el recurso ante nuestra consideración se remontan a dos (2) denuncias presentadas por el

Ministerio Público en contra del señor Encarnación Negrón por hechos ocurridos el 20 de abril de 2025. Dichas denuncias fueron presentadas por infracciones al Art. 4 (i) de la Ley de Seguros de Responsabilidad Obligatoria y al Art. 246 del Código Penal de Puerto Rico.

El 8 de mayo de 2025, fue celebrada la vista de causa probable al amparo de la Regla 6 de Procedimiento Criminal. En dicha vista, el Tribunal de Primera Instancia determinó *no causa* para arresto. El Ministerio Público no recurrió en alzada de la determinación.

Así las cosas, el 11 de julio de 2025, la parte peticionaria presentó *Moción en Solicitud de Orden al Amparo del Art. 2.08 de la Ley de Armas*. Expresó que, como parte de la intervención realizada por la Policía de Puerto Rico, se le ocupó su Licencia de Armas número 306437 y un arma de fuego. La parte peticionaria también indicó que, no existía ningún otro proceso en su contra de naturaleza criminal o civil relacionado con los hechos del caso. Por tanto, sostuvo que, debido a la determinación de *no causa* por el delito imputado y esta haber advenido final y firme, conforme al Art. 2.08 de la Ley de Armas, el Tribunal de Primera Instancia debía ordenar la devolución de la licencia y el arma ocupada.

El Tribunal de Primera Instancia emitió *Orden* el 18 de agosto de 2025, notificada el 20 de agosto de 2025, en la cual indicó: "Nada que proveer".

Más adelante, la parte peticionaria presentó *Moción de Reconsideración*. Reiteró su postura en cuanto a que procedía que el foro primario ordenara la devolución de la licencia de armas y el arma incautada. Le solicitó a la primera instancia judicial que, dispusiera sobre la *Moción en Solicitud de Orden al Amparo del Art. 2.08 de la Ley de Armas* y que fundamentara su determinación.

Consecuentemente, el 8 de septiembre de 2025, el foro recurrido emitió la Orden[1] que se transcribe a continuación:

### A LA MOCIÓN DE RECONSIDERACIÓN DEL 28 DE AGOSTO DE 2025, EL TRIBUNAL DETERMINA:

No Ha Lugar, este tribunal atendió la Regla 6 por alegada infracción al Art. 246 CP y Art. 4 I de la Ley 253, en la cual se determinó No Causa. Nunca ordenamos desarmar a nadie, por lo tanto, no nos corresponde entrar a resolver sobre ese particular. Es el Estado quien debe resolver ese asunto.

Inconforme con dicho dictamen, el 26 de septiembre de 2025, la parte peticionaria acudió ante este foro revisor, mediante recurso de *Certiorari* e hizo el siguiente señalamiento de error:

Erró el Honorable Tribunal de Primera Instancia, Sala de Carolina, al declarar No Ha Lugar la solicitud de devolución de licencia de armas y del arma, en contravención al Art. 2.08 de la Ley de Armas de 2020.

El 10 de abril de 2024, la parte recurrida presentó el *Escrito en Cumplimiento de Orden*. En su escrito, expresó que, le correspondía al Tribunal de Primera Instancia ordenar la devolución de la licencia de armas y el arma de fuego ocupada en la intervención

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, […],

---

[1] Notificada el 10 de septiembre de 2025.

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. *Ley de Armas de Puerto Rico de 2020, según enmendada*

La Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, también conocida como la *Ley de Armas de Puerto Rico de 2020,* 25 LPRA secs. 461-467, fue creada con el propósito de promover un estatuto que salvaguardara y protegiera los derechos de los ciudadanos americanos residentes en Puerto Rico, y que, a su vez, fuera consistente con la Segunda Enmienda de la Constitución de Estados Unidos y con las decisiones del Tribunal Supremo federal[4]. De igual manera, uno de sus propósitos es dejar meridianamente claro que, en Puerto Rico el portar y poseer armas de fuego es un derecho fundamental, e individual al igual que en el resto de la Nación americana[5].

---

[4] *Exposición de Motivos* de la Ley Núm. 168-2019.
[5] *Íd.*

Pertinente a la controversia que nos atiene, el Artículo 2.08 de la precitada ley, dispone lo siguiente:

Luego de una determinación de causa probable para el arresto de cualquier persona que posea una licencia de armas por la comisión de uno o más delitos graves o sus tentativas, el tribunal, ordenará la suspensión provisional e incautación de la licencia hasta una determinación final y firme en el proceso criminal. El Tribunal ordenará la ocupación inmediata de todas las armas de fuego y/o municiones de la persona con licencia de armas, las cuales se consignarán en el depósito de armas y municiones del Negociado de la Policía de Puerto Rico. El Negociado de la Policía de Puerto Rico tendrá setenta y dos (72) horas para consignar para la custodia todas las armas de fuego y/o municiones de la persona con licencia de armas en el Depósito de Armas y Municiones del Negociado de la Policía. **De resultar el acusado con una determinación de no culpabilidad, o no causa, según corresponda, en cualquier etapa del proceso criminal y el ministerio público ha agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal, salvo que exista una orden de protección en su contra por violencia de género, acecho o maltrato en cualquiera de sus vertientes, el juez vendrá obligado ministerialmente por esta Ley a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones.** Toda arma de fuego y munición devuelta deberá entregarse en la misma condición en que se ocuparon. [.....]. (Énfasis nuestro) 25 LPRA sec. 462g.

Según podemos apreciar, el Art. 2.08 de la Ley de Armas exige que, en las instancias en que el acusado resulte con una determinación de *no causa* en *cualquier etapa* del proceso, el juez vendrá obligado ministerialmente por este estatuto a ordenar la devolución inmediata de la licencia de armas, así como las armas de fuego y municiones. Es decir, lo anterior es un requisito obligatorio impuesto al juez en esas circunstancias específicas.

Por otro lado, el Artículo 2.13 de la Ley Núm. 168-2019, *supra,* dispone, específicamente, lo siguiente:

Cualquier agente del orden público ocupará la licencia, arma de fuego y/o municiones, que posea un ciudadano, de forma temporera, cuando tuviese motivos fundados para entender que la persona con licencia de armas hizo o hará uso ilegal de las armas de fuego y municiones para causar daño a otras personas; por haber proferido amenazas de cometer un delito; por haber expresado su intención de suicidarse; cuando haya demostrado negligencia o descuido en el manejo

del arma de fuego; cuando se estime que la persona con licencia de armas padece de una condición mental, se le considere ebrio habitual o sea adicto a sustancias controladas; o en cualquier otra situación de grave riesgo o peligro que justifique esta ocupación. [.....].

Un agente del orden público estará facultado a ocupar el arma de fuego, licencia y municiones, de forma temporera, cuando se arreste al tenedor de la misma por la comisión de un delito grave o delito menos grave que implique intimidación o violencia. El agente del orden público tendrá setenta y dos (72) horas para consignar las armas de fuego y/o municiones ocupadas en un depósito de armas del Negociado de la Policía y notificar al Departamento de Justicia.

Toda arma de fuego y municiones que sean devueltas deberán entregarse en las mismas condiciones en que se ocuparon. Bajo ningún concepto se harán marcas, modificaciones o mutilaciones al arma de fuego ocupada por los agentes del orden público o por el Estado mientras esté bajo su custodia. Esto no impedirá que el Negociado de la Policía de Puerto Rico pueda iniciar una investigación administrativa. 25 LPRA sec. 462l.

[...]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

### III

En su primer señalamiento de error, la parte peticionaria sostiene que, el foro de primera instancia incidió al declarar No Ha Lugar la solicitud de devolución de licencia de armas y del arma ocupada, en contravención al Art. 2.08 de la Ley de Armas de Puerto Rico de 2020, *supra*.

Adelantamos que, le asiste la razón. Veamos.

Conforme el derecho reseñado, el Art. 2.08 de la Ley de Armas, *supra*, dispone que, el Tribunal de Primera Instancia vendrá obligado ministerialmente a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego, cuando haya emitido una determinación de no culpabilidad o no causa, en cualquier etapa del proceso criminal. Esto, cuando el ministerio público hubiese agotado todos los remedios concedidos en las Reglas de Procedimiento Criminal. Existen varias excepciones a

dicha obligación, a saber: cuando exista una orden de protección por violencia de género, acecho o maltrato en cualquiera de sus vertientes.[6] Nótese que, en ese sentido, salvo las mencionadas excepciones expresamente dispuestas, el Legislador no le otorgó discreción al juzgador de instancia para encauzar la devolución de las armas a través del trámite administrativo del NPPR. Al contrario, estableció diáfanamente que, el foro con competencia para ordenar la devolución de un arma y licencia de arma ocupada es el Tribunal de Primera Instancia.

En el caso de epígrafe, la Policía de Puerto Rico le ocupó la licencia de armas y un arma al señor Encarnación Negrón como parte de una intervención.  Luego de una determinación de *no causa* para arresto y que el Ministerio Público no recurriera en alzada, la parte peticionaria solicitó la devolución de la licencia de armas y del arma, que fueron ocupadas en la intervención. No obstante, la primera instancia judicial rechazó tal solicitud y razonó que, no había ordenado desarmar al señor Encarnación Negrón y que, le correspondía al Estado resolver tal asunto.

Por motivo de que en este caso hubo una determinación de *no causa,* que dicha determinación advino final y firme, y que no se constituyó ninguna de las excepciones establecidas por ley, le correspondía al foro recurrido ordenar la inmediata devolución de la licencia de armas y del arma ocupada, sin la necesidad de un procedimiento administrativo ulterior ante el Negociado de la Policía de Puerto Rico.

En vista de lo anterior, colegimos que, incidió el Tribunal de Primera Instancia en su dictamen al no actuar conforme requiere el precitado artículo.

---

[6] 25 LPRA sec. 462g.

## IV

Por los fundamentos que anteceden, se *expide* el recurso de *Certiorari*, se revoca la *Orden* recurrida y se devuelve al Tribunal de Primera Instancia para que se ordene al Negociado de la Policía de Puerto Rico la devolución de la licencia de armas y del arma de la parte peticionaria.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones